IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| M.S., *et al.* | * | |
|     Plaintiffs | * | |
| v. | * | Civil Action No.: 8:14-cv-02831-PWG |
| JOE WESLEY RESPRESS III, *et al.* | * | |
|     Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## THE BOARD OF EDUCATION OF CHARLES COUNTY'S
## PARTIAL ANSWER TO AMENDED COMPLAINT

The Board of Education of Charles County (the "Board"), one of the Defendants in the above-captioned case,[1] by and through its attorneys, Edmund J. O'Meally, Andrew G. Scott, and Pessin Katz Law, P.A., hereby submits this Partial Answer[2] to those portions of the Amended Complaint[3] that are not subject to the Partial Motion to Dismiss filed in this case, and states as follows:

---

[1] Undersigned counsel does not represent Defendant Joe Wesley Respress III.

[2] The Board and Chrystal Benson, along with Defendants Roberta Wise, James Richmond, and Andterri El Amin (collectively, the "Board Defendants"), filed a Partial Motion to Dismiss (ECF No. 11) immediately prior to filing the instant Partial Answer. The Partial Motion to Dismiss seeks the dismissal of all claims against Defendants Wise, Richmond, and El Amin. Accordingly, those Defendants have not yet filed an Answer. As to Defendant Benson, the Partial Motion to Dismiss seeks the complete dismissal of the Plaintiffs' negligent hiring, retention, and supervision claim (Paragraph 8) and gross negligence claims (Paragraph 10 and 11) against her but does not seek the dismissal of the Plaintiffs' claims against Benson under 42 U.S.C. § 1983 (Paragraph 9). Accordingly, Defendant Benson has filed a separate Answer only to the pending 42 U.S.C. § 1983 claim against her. As to the Defendant Board, the Partial Motion to Dismiss seeks the complete dismissal of the Plaintiffs' claims under 42 U.S.C. § 1983 but only seeks the dismissal of the Plaintiffs' negligent hiring, retention, and supervision claim to the extent that it seeks damages in excess of $100,000 pursuant to the Board's entitlement to sovereign immunity pursuant to Md. Code Ann., Cts. & Jud. Proc. § 5-518. Accordingly, the Defendant Board Answers the negligent hiring, retention, and supervision claim herein.

[3] On or about September 5, 2014, before any of the Defendants filed any responsive pleadings to Plaintiffs' initially filed Complaint, and before the Defendants removed this case to federal court, Plaintiffs filed an Amended

## FIRST DEFENSE

Pursuant to Fed. R. Civ. P. 12(b)(6), the Complaint fails to state claims against the Board upon which relief may be granted.

## SECOND DEFENSE

Responding to the specific allegations against it, the Board states as follows:

1. Paragraph 1 does not contain any factual allegations to which a response is required.

2. The Board admits that jurisdiction was proper in the Circuit Court for Charles County, Maryland based on the alleged locus of the alleged torts, but in further answering states that the action was capable of being removed to this Court insofar as Plaintiffs asserted federal claims against some of the Board and other Defendants pursuant to 42 U.S.C. § 1983.

3. The Board admits that the Board and the other Defendants are either located in or employed in Charles County, Maryland; that jurisdiction was proper with the Circuit Court for Charles County based on the allegations of the Amended Complaint; that Ms. Wise is the Chairman of the Board; that Mr. Richmond was the Superintendent of the Charles County Public Schools at all times relevant until his retirement on or about June 30, 2013; that Ms. Benson is currently the Principal of Westlake High School; and that Ms. El Amin is currently a guidance counselor at Westlake High School. The Board generally denies all of the remaining allegations contained in Paragraph 3, including specifically that Ms. Benson was ever Principal of McDonough High School.

4. Paragraph 4 does not contain any factual allegations to which a response is required.

---

Complaint. *See* ECF No. 4. Throughout this Answer, the Amended Complaint shall be referred to as "the Complaint."

2

5.  The Board admits, upon information and belief, that M.S. is a resident of Charles County, Maryland, but denies that she is currently fifteen (15) years old. The Board is without sufficient knowledge or information to either admit or deny whether M.S. lives with her mother, Sheila Spencer. The Board denies the remaining allegations contained in Paragraph 5.

6.  There are no claims against the Board alleged in Paragraph 6 of the Complaint. Accordingly, no Answer to this claim is required of the Defendant Board.

7.  There are no claims against the Board alleged in Paragraph 7 of the Complaint. Accordingly, no Answer to this claim is required of the Defendant Board.

8.  The Board denies the allegations contained in Paragraph 8.

9.  The Board has moved to dismiss the 42 U.S.C. § 1983 claim asserted against it in Paragraph 9. Accordingly, no Answer to this claim is due at this time.

10. There are no claims against the Board alleged in Paragraph 10 of the Complaint. Accordingly, no Answer to this claim is required of the Defendant Board.

11. There are no claims against the Board alleged in Paragraph 11 of the Complaint. Accordingly, no Answer to this claim is required of the Defendant Board.

12. There are no claims against the Board alleged in Paragraph 12 of the Complaint. Accordingly, no Answer to this claim is required of the Defendant Board.

13. Paragraph 13 does not contain any factual allegations to which a response is required, but in the event Paragraph 13 sets forth claims against the Board pursuant to 42 U.S.C. § 1983, it is subject to the Defendant Board's Partial Motion to Dismiss.

14. Paragraph 14 does not contain any factual allegations to which a response is required, but in the event Paragraph 14 sets forth claims against the Board pursuant to 42 U.S.C. § 1983, it is subject to the Defendant Board's Partial Motion to Dismiss.

15. The seven (7) paragraphs found on pages six (6) through seven (7) of the Amended Complaint, beginning with the paragraph starting with the word, "WHEREFORE," do not contain any factual allegations to which a response is required, but in the event that they purport to seek damages against the Board pursuant to 42 U.S.C. § 1983, they are subject to the Defendant Board's Partial Motion to Dismiss.

### THIRD DEFENSE

As an affirmative defense, the Board states that any and all actions taken by it was in accordance with applicable law.

### FOURTH DEFENSE

As an affirmative defense, the Board states that Plaintiffs' claims are barred by the doctrine of assumption of the risk.

### FIFTH DEFENSE

As an affirmative defense, the Board states that Plaintiffs' claims are barred by the doctrine of contributory negligence.

### SIXTH DEFENSE

As an affirmative defense, the Board states that Plaintiffs' claims are barred by the doctrine of sovereign immunity pursuant to Md. Code Ann., Cts. & Jud. Proc. § 5-518.

WHEREFORE, having fully answered each and every allegation against it that is not covered by the Defendant Board's Partial Motion to Dismiss, the Board prays that this Honorable Court dismiss the Amended Complaint along with an award of costs and such other and further relief as the Court deems appropriate.

Respectfully submitted,

/s/ (filed electronically)

---

Edmund J. O'Meally
Federal Bar No. 04910
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 400
Towson, Maryland  21204
Tele:  (410) 339-6757
Fax:  (410) 832-5654
eomeally@pklaw.com

/s/ (filed electronically)

---

Andrew G. Scott
Federal Bar No. 29257
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 400
Towson, Maryland  21204
Tele:  (410) 339-6744
Fax:  (410) 832-5627
ascott@pklaw.com

**COUNSEL FOR THE
BOARD OF EDUCATION OF CHARLES COUNTY**

965124-1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 9th day of September, 2014, a copy of the foregoing Partial Answer was filed in the United States District Court for the District of Maryland (Southern Division) and electronically served upon all counsel of record through the Court's CM/ECF system, and that a hard copy of same was mailed via first class mail postage prepaid to:

Joe Wesley Respress, III
Charles County Detention Center
P.O. Box 1690
La Plata, Maryland 20646
**PRO SE DEFENDANT**

/s/ (filed electronically)
―――――――――――――――――――
Andrew G. Scott